GRUEBLER v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   January 24, 1896.)

APPEAL—REVIEW—CONFLICTING EVIDENCE.
> Where plaintiff's right to recover for injuries received by a fall on a sidewalk depends on conflicting evidence as to whether they were caused by his falling over a dirt pile, and, if so, how long the pile had been permitted to remain there, a verdict for him will not be disturbed on appeal.

Appeal from court of common pleas, trial term.

Action by Charles Gruebler against the mayor, aldermen, and commonalty of the city of New York for injuries received from a fall on a sidewalk.   From a judgment on a verdict for plaintiff, and an order denying a new trial, defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

Terence Farley, for appellant.
Louis Steckler, for respondent.

O'BRIEN, J.   It is urged upon this appeal that, if for no other reason, the judgment should be reversed on the facts, it being insisted that the verdict is against the overwhelming weight of evidence. An examination of the testimony shows that this contention is not

borne out by the record. It is conceded that on the 4th day of March, 1893, while the plaintiff was lawfully walking through and along Seventy-Second street, between Avenue A and the East river, he received personal injuries resulting from a fall. The dispute centered upon whether the injuries thus sustained were due to the defendant's negligence in suffering and allowing the sidewalk to remain in an unsafe and dangerous condition, whereby a large heap or pile of earth or dirt was permitted to remain upon the street, against which the plaintiff stumbled, thus causing the injuries, which included a fracture and upward dislocation of the plaintiff's right foot. There was a direct conflict between the witnesses upon the two pertinent questions involved,—as to what the plaintiff stumbled against, and for what length of time the obstruction, or whatever it was, existed. It is conceded that there were piles of dirt, not only in the street, but upon the sidewalk; and while these, by some of the witnesses, are placed 200 or 300 feet away from a certain lamp-post, near which the accident occurred, the plaintiff is supported by at least another witness who testifies as to the existence of such piles in that immediate vicinity. It is true that. while the presence of such piles may prove that the street was not in good condition, it was no evidence of negligence, unless connected with testimony showing or tending to show that the plaintiff stumbled against one of the piles, and that this was the proximate cause of the accident. We think there was sufficient evidence to present this, as a question of fact, to the jury, as there was also upon the other question of the length of time during which such obstructions existed. It is true that the plaintiff's evidence was far from conclusive, but there was sufficient from which the inference could reasonably be drawn in favor of the plaintiff's version, and there was no overwhelming evidence on the other hand to show that this version was incorrect. It being conceded by the defendant that the plaintiff was injured in that street on the night in question by reason either of some obstruction in the street, or by slipping upon the snow and ice, the case really turned, in the end, upon the question whether the proximate cause of the injuries was the latter, or whether, as claimed by the plaintiff, his injuries were the result of his stumbling over one of these piles of dirt. The jury resolved the doubt in plaintiff's favor, and we see no good reason for interfering with the verdict. The other position taken by the defendant, that there was no proof of compliance with chapter 572 of the Laws of 1886, we regard as without merit.

The judgment should be affirmed, with costs. All concur.